### McNULTY v. PICKELMANN.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. WITNESSES (§ 275*)—CROSS–EXAMINATION—ACTIONS FOR COMPENSATION—EVIDENCE.

In an attorney's action to recover the reasonable value of services, defendant was entitled to cross-examine plaintiff in detail as to the nature and extent of such services, and the exclusion of cross-examination as to their character and details was error.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 924, 926, 967–975; Dec. Dig. § 275.*]

2. TRIAL (§ 191*)—ACTIONS FOR COMPENSATION—INSTRUCTIONS—PROVINCE OF JURY.

In an attorney's action for compensation for services, it was error to charge that, if defendant agreed to pay the reasonable value of the services, the jury should not hesitate to render a verdict for the full amount claimed by plaintiff; the reasonable value of the services being a question of fact for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 307, 308; Dec. Dig. § 191.*]

Appeal from City Court of New York, Trial Term.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by William D. McNulty against Sebastian Pickelmann. From a judgment on a verdict for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Phanor J. Eder, of New York City (Vine H. Smith, of New York City, of counsel), for appellant.

William D. McNulty, of New York City, pro se.

GUY, J. Plaintiff, an attorney at law, sues to recover the reasonable value of professional services rendered in recovering a judgment by default in favor of defendant, no part of which judgment has been collected, and in defeating motions to open said default. Defendant testified that plaintiff agreed to perform the services in question for $100. Plaintiff testified that, though there had been a previous agreement between himself and the defendant for a fixed price as to services in another matter, the agreement as to the services in question was that a reasonable fee should be paid.

[1, 2] Plaintiff testified as to the value of his services, fixing the same at $600.65. Various questions asked by counsel for the defendant, on cross-examination of the plaintiff, as to the character of the service performed by plaintiff, and the details thereof, were excluded by the court, and an exception taken.

The question as to the reasonable value of plaintiff's services was one of fact for the jury, and defendant's attorney was entitled to cross-examine plaintiff in detail as to the nature and extent of such services. The court practically charged the jury that, if the agreement was to pay the reasonable value of plaintiff's services, they "should not hesitate to render a verdict for the full amount claimed by plaintiff." This was clearly prejudicial error, requiring a reversal of the judgment.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.